IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **JEFF S. LACY** and **CLAY DUSTIN (d/b/a CLAY DUSTIN PUBLIC RELATIONS AND PROMOTIONS, ENTERTAINMENT & SPORTS),** | ) ) ) ) ) ) | |
| Plaintiffs, | ) | **Civil Action No. _____** |
| v. | ) | |
| **RACETRAC PETROLEUM, INC.** | ) | **Jury Trial Demanded**. |
| Defendant. | ) ) ) | |

## INITIAL COMPLAINT

Plaintiffs Jeff S. Lacy ("Mr. Lacy") and Clay Dustin, d/b/a Clay Dustin Public Relations and Promotions, Entertainment & Sports ("Mr. Dustin"), (collectively "Plaintiffs"), hereby state their complaint against RaceTrac Petroleum Inc. ("Defendant" or "RaceTrac"), by and through their undersigned attorney, as follows:

### INTRODUCTION

1.     This is an action for trademark infringement and unlawful competition due to RaceTrac's willful and deliberate decision to trade on the fame and goodwill associated with the LEFT HOOK mark created by U.S. Olympian boxer, two-time

World Champion and winner of five separate boxing titles, Jeff "Left Hook" Lacy. Mr. Lacy has been widely known and promoted as "Left Hook" throughout his thirty-four (34) professional boxing matches spanning a period of over more than twenty-years. Mr. Lacy is an icon in the boxing community. As such LEFT HOOK is closely associated with Mr. Lacy's goods and services and he has protectable rights in the LEFT HOOK mark under the Lanham Act, the laws of the State of Georgia, and the common law.

2.     RaceTrac, a privately held petroleum company that operates a chain of gasoline service stations, has since at least 2011 used boxing themes to promote its business and store brand products. As early as 2011 RaceTrac developed boxing themed advertisements in which factitious boxers representing RaceTrac and real-life gas station convenience store competitor QT fought a boxing match inside a RaceTrac store. Thereafter RaceTrac extended the boxing theme in 2012 when, based on information and belief, Defendant RaceTrac formulated a plan to launch a boxing themed sports drink called "Left Hook", which it began selling on or around July 7, 2013. RaceTrac's "Left Hook" sports drink has packaging featuring a clenched fist and boxing themed tag lines stating that its "Left Hook" sports drink: "keeps you fighting round after round" and "is your energy on the ropes? Come out swinging with the unexpected lift you need to fight back! Give

2

your burn out a Left Hook and it will never know what hit it!  Left Hook is

formulated to give you the boost you need to knock the tired out of you, and keep

it down and out for the count!"  A true and accurate picture of RaceTrac's

advertisement for "Left Hook" appears below.



3.     Mr. Lacy never authorized RaceTrac to use the LEFT HOOK mark

for its sports drink or otherwise.  Accordingly, in March 2016 Mr. Lacy notified

RaceTrac that its use of the "Left Hook" mark infringed his trademark rights.  With

full knowledge of Mr. Lacy's superior rights to the LEFT HOOK mark RaceTrac

had the option of conforming its unlawful conduct by voluntarily ceasing its

infringement.  RaceTrac choose not to.  Instead RaceTrac showed absolute

disregard for Mr. Lacy's rights and the impact that its unlawful actions had on him

and the LEFT HOOK mark by continuing its unlawful infringement unabated.

Then, in March of 2018, Race Trac's President Mr. Billy Milan was separately

notified that RaceTrac's use of the "Left Hook" mark infringed Mr. Lacy's

trademark rights. RaceTrac's President Mr. Billy Milan, with full knowledge of Mr. Lacy's superior rights to the LEFT HOOK mark once again chose not to conform RaceTrac's unlawful conduct by voluntarily ceasing its infringement.

4.     RaceTrac has been afforded multiple opportunities to cease its unlawful conduct. Yet RaceTrac, with full knowledge of Mr. Lacy's superior trademark rights to the "LEFT HOOK" mark, has continued its unauthorized trademark infringement and unfair competition thereby making this legal action necessary to hold RaceTrac accountable for its wrongful conduct. As such RaceTrac's actions represent willful infringement and unlawful competition for which, among other things, Plaintiffs should be awarded the profits RaceTrac earned from the sale of its "Left Hook" sports drink, the trebling of those profits, costs of the action, and Plaintiffs' attorneys fees. Plaintiffs conservatively estimates RaceTrac has derived over $173,262,000 in profits from its sale of the boxing themed "Left Hook" sports drink, which when trebled is over $519,786,000 in damages.

## CAUSES OF ACTION SUMMARY

5.     This is an action for (a) false designation of origin under 15 U.S.C. §1125(a)(1)(A); (b) trademark dilution under 15 U.S.C. §1125(c); (c) trademark infringement under Georgia law; (d) violation of Georgia's uniform deceptive

trade practices act under O.C.G.A. §10-1-370 *et. seq.*; (e) unfair competition under Georgia law; and (f) cancelation of RaceTrac's U.S. Trademark Registration No. 4,429,566 for "Left Hook" pursuant to 15 U.S.C. §§1052, 1064 and 1119.

## PARTIES

6.     Plaintiff Jeff Lacy's principal residence is located at 5718 Eaglemount Circle in Lithia, Florida.

7.     Plaintiff Clay Dustin, doing business as, Clay Dustin Public Relations and Promotions, Entertainment & Sports, has a principal residence is located at 276 Country Road 3200, Quitman, Texas 75783.  Plaintiff Dustin is an exclusive licensee of the LEFT HOOK mark with rights to sue for third-party infringement and thus has joined in this action as a Plaintiff.

8.     RaceTrac Petroleum, Inc. is a Georgia corporation with a principal office located at 200 Galleria Parkway SE, Suite 900, Atlanta, Georgia and may be served through its registered agent for service of process:

> **Corporate Creations Network Inc.**
> **2985 Gordy Parkway**
> **1st Floor**
> **Marietta, Georgia 30066**

## JURISDICTION AND VENUE

9.     RaceTrac's principal office is in this judicial district.  RaceTrac also markets and sells products in Georgia and actively solicits and conducts business

in Georgia and within this judicial district. This Court has personal jurisdiction over RaceTrac.

10.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§1121(a) and 1119 and 28 U.S.C. §§1331, 1338(b), and 1367.

11.     This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

12.     Jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred here and because RaceTrac's principle place of business is here.

**TRADEMARK REGISTRATION AND APPLICATION AT-ISSUE**

13.     Mr. Lacy has applied for a U.S. Trademark Registration for the "LEFT HOOK" mark for entertainment services in the nature of professional athletes competing in boxing in International Class ("IC") 041; t-shirts in IC 025; and for sports drinks in IC 032. The United States Patent and Trademark Office ("USPTO") has assigned Mr. Lacy's trademark application serial number 87/804,129. ("the '129 Application").

14.     RaceTrac is the owner of U.S. Trademark Registration No. 4,429,566 for the mark "Left Hook" for energy drinks in IC 032, (the "'566 Registration"). The '566 Registration was issued by the USPTO on November 5, 2013.  The '566 Registration has been in force for less than five (5) years and thus is contestable under the provisions of 15 U.S.C. §1065.

## FACTUAL BACKGROUND

15.     Mr. Lacy is an American success story.  He grew up poor in the ghetto.  He is one of nine (9) kids in his family.  From a young age Mr. Lacy excelled at boxing – and boxing provided him a career that allowed him to see the world.

16.     Mr. Lacy had 210 fights as an amateur boxer.  During his amateur career Mr. Lacy won the 1999 National PAL amateur championship at the 165-weight class.  He also won the1998 U.S. National amateur championship at the 165-weight class.  Mr. Lacy also won the 1998 National PAL amateur championship at 165-weight class.

17.     Mr. Lacy represented the United States of America in the 2000 Olympics held in Sydney, Australia as a member of the U.S. Olympic Boxing Team.  During his first Olympic bout, Mr. Lacy knocked out Cleiton Conceicao of Brazil in the third round.  In Mr. Lacy's second Olympic bout, he defeated Pawel

Kakietek of Poland in a 21-7 decision.  Mr. Lacy's Olympic dreams were stopped, however, by Russian Gaidarbek Gaidarbekow in the third round of Mr. Lacy's third and final Olympic boxing match.  Mr. Lacy was, and remains, proud to represent the United States in the Olympic games.

18.     In 2001, after returning from the Olympics, Mr. Lacy made his professional boxing debut at the age of 24.  Mr. Lacy has had thirty-four (34) professional boxing matches thus far in his professional career.

19.     At least as early as 2003 Mr. Lacy was known by the term LEFT HOOK.  Mr. Lacy's professional boxing matches, including his title fights, were promoted and televised by referring to Mr. Lacy as LEFT HOOK.  Moreover, event merchandise and clothing were sold at these professional boxing matches using and displaying the LEFT HOOK mark.

20.     Mr. Lacy's bouts, and thus his use of the term LEFT HOOK in connection with those bouts, has occurred throughout the United States including: California, Connecticut, Florida, Louisiana, Mississippi, Missouri, Nevada, New Jersey, Ohio, Oklahoma, Tennessee, and, Texas.

21.     Mr. Lacy fought many high-profile title matches that were promoted and featured on Home Box Office (HBO), Showtime, pay-per-view, and network television that were displayed in every state in the country.  A representative

8

example of how Mr. Lacy has been identified professionally as "LEFT HOOK" on

national television appears below.



22.    For example, in a nationally promoted and televised fight on July 15,

2003, Mr. Lacy known as LEFT HOOK won the USBA and NABA super

middleweight titles by beating Richard Grant in a unanimous decision.

23.    On October 2, 2004, in a nationally promoted and televised fight Mr.

Lacy known as LEFT HOOK won the IBF super middleweight title by beating Syd

Vanderpool by technical knockout in the eighth round.

24.     In addition to these high profile matches where Mr. Lacy won titles, Mr. Lacy has also participated in equally high profile matches that were nationally promoted and televised where he defended his championship titles.

25.     As Mr. Lacy's fame has grown so has his opportunities.  Mr. Lacy is a movie star and actor.  He started in The Hammer (2007) and ESPN Friday Night Fights.  A representative example of how Mr. Lacy has been identified professionally as "LEFT HOOK" on ESPN Friday Night Fights appears below.



Mr. Lacy is currently in negotiations to be a professional sports announcer for boxing matches.

26.     Representative samples of materials used to promote and advertise

Mr. Lacy's professional boxing matches using the LEFT HOOK mark appear

below.



27.     Mr. Lacy has continually used the LEFT HOOK mark in interstate

commerce once he first adopted it and he continues to do so.  He has not

abandoned use of the LEFT HOOK mark and he does not intend to do so.

28.     Mr. Lacy's long and continuous use of the mark LEFT HOOK

throughout the United States has acquired distinctiveness and is associated with

Mr. Lacy's products and services.

### Mr. Lacy Has Authorized Others to use the LEFT HOOK mark

29.     Companies that value and respect the intellectual property rights of others have sought Mr. Lacy's permission before using the LEFT HOOK mark.

30.     EA Sports, a division on Electronic Arts, the developer of sports video games such as Madden Football, NBA Live, NHL, and UFC – its premiere boxing video game that allows gamers to select actual professional boxing champions to play in the game – sought and obtained Mr. Lacy's permission before featuring a LEFT HOOK character in its video games.  Representative examples of Mr. Lacy's EA Sports character appear below.



**Jeff Lacy**



Nickname: Left Hook
Hometown: St. Petersburg, USA
Height: 5'10"
Weight: 169 lbs

12

31.     Everlast Worldwide, Inc., the manufacturer of boxing training and exercise equipment, also sought and obtained Mr. Lacy's permission before producing and/or marketing products and merchandise bearing the LEFT HOOK mark.

32.     RaceTrac has never sought or obtained authorization or license from Mr. Lacy to use the LEFT HOOK mark.

### Defendant RaceTrac Adopts a Boxing Themed Marketing Campaign and Introduces Its Boxing Themed "Left Hook" Sports Drink

33.     On or around October 23, 2011, RaceTrac, or someone acting on its behalf, published a boxing themed video on YouTube entitled "Racetrac v 1".[1] This boxing themed video espouses RaceTrac' s company values:  People, Guests, and its Profits.  This boxing themed video culminates by pitting a boxer representing real-life convenience store competitor "QT" against a boxer representing RaceTrac.  A true and accurate screen capture from the RaceTrac v 1 video appears below.

---

[1] Click HERE to view the video located at: https://www.youtube.com/watch?v=5G7T18LEC24



The RaceTrac boxer is referred to as "Champ" and "Rocky" with the theme song "Eye of the Tiger" from the iconic movie Rocky (1976) staring Sylvester Stallone playing in the background. A boxing ring announcer announces the beginning of the main event fight. The fighters wear boxing gloves, Everlast boxing robes, a ring bell can be clearly heard. The RaceTrac boxer quickly defeats the QT boxer, places his foot on the fallen opponent, and is awarded a Championship belt. A true and accurate screen capture from the RaceTrac v 1 video appears below.



14

34.     RaceTrac, based upon information and belief, did not obtain license or permission to use the "Rocky" character or use the "Eye of the Tyger" theme song which, when considered in connection with the instant action, establishes a pattern of infringement and reckless disregard for others' intellectual property rights.

35.     RaceTrac began selling its boxing themed "Left Hook" sports drink on or around July 7, 2013 according to filings RaceTrac made with the USPTO. RaceTrac's "Left Hook" sports drink is promoted using a boxing theme.  The packaging features a clenched fist and tag lines promoting a boxing theme that state: "keeps you fighting round after round" and "is your energy on the ropes? Come out swinging with the unexpected lift you need to fight back!  Give your burn out a Left Hook and it will never know what hit it!  Left Hook is formulated to give you the boost you need to knock the tired out of you, and keep it down and out for the count!"

36.     A true and accurate picture of RaceTrac's "Left Hook" blueberry sports drink follows:



37.     RaceTrac's marketing and sale of the "Left Hook" sports drink has been highly successful.  As a result, RaceTrac's "Left Hook" sports drink is available in 16-ounce cans in the following flavors: citrus, fruit punch, cherry limeade, mango tropical, blue, and cola (zero calorie).  A true and accurate picture of RaceTrac's "Left Hook" citrus, mango tropical, and cherry limeade favored sports drink appear below.



38.     Moreover, RaceTrac frequently offers free "Left Hook" sports drinks to entice customers to its stores to buy gas, groceries, and other goods.

39.     RaceTrac, upon information and belief, has also offered its "Left Hook" sports drink as a fountain drink.

40.     RaceTrac has also produced a series of video advertisements promoting its boxing themed "Left Hook" sports drink that are boxing themed as well.  For example, the "Left Hook" cherry limeade flavored drink features a female secretary

that gets punched in the face with a clenched fist and as she recoils the "Left Hook" cherry limade is promoted.[2]



She is then revived from the assault she suffered by RaceTrac's "Left Hook" cherry limeade sports drink.

41.    RaceTrac has also produced a video advertisement for its boxing themed "Left Hook" citrus flavored sports drink.  The advertisement features a drowsy young man caught in stop and go traffic.  He too is punched in the face with a clenched fist.[3]

---

[2] Click HERE to view the "Left Hook" Cherry Limade promotion from:  https://www.youtube.com/watch?v=VqQ87Xocd_4

[3] Click HERE to view the "Left Hook" citrus advertisement at:  https://www.youtube.com/watch?v=uFzyLt6cyYc&t=1s



Then the wording "keep you fighting round after round" appears on the screen.

The man is revived from the assault by RaceTrac's "Left Hook" citrus flavored

sports drink.



42.    RaceTrac has produced a second video advertisement for its boxing

themed "Left Hook" citrus flavored sports drink.  The advertisement features a tired

18

couple in a messy kitchen after a party. They lack the energy to cleanup. The man

and woman are both punched in the face with a clenched fist.



Then the wording "keep you fighting round after round" appears on the screen. The

man and woman are then revived from the assault by RaceTrac's "Left Hook" citrus

flavored sports drink.[4]



---

[4] Click HERE to view the "Left Hook" Lo Carb Citrus video at: https://www.youtube.com/watch?v=J3E-Bbs8KRA&t=7s

**Notice of RaceTrac's Actual Infringement and
RaceTrac's Decision to Continue its Willful Infringing Conduct**

43.     Attorney Kevin W. Grierson, presently with the firm Culhane Meadows PLLC, has represented RaceTrac in connection with the application for, prosecution of, and post-registration maintenance of the '566 Registration for "Left Hook."  At all times relevant to this action Mr. Grierson has served as RaceTrac's agent.

44.     On or around March 14, 2016, Mr. Lacy contacted Mr. Grierson, RaceTrac's agent, via Facebook Messenger.  Mr. Lacy informed Mr. Grierson that he had been using the LEFT HOOK mark for over two decades and the RaceTrac's use of the mark was creating actual confusion in the market place.

45.     Mr. Lacy's communication with Mr. Grierson constituted actual notice to RaceTrac that it was infringing Mr. Lacy's rights.

46.     Mr. Grierson reacted to this news by blocking any further communication from Mr. Lacy using Facebook's settings so that he would not learn any additional harmful information to him or RaceTrac.

47.     RaceTrac did not alter its infringing behavior following Mr. Lacy's 2016 contact with Mr. Grierson.  RaceTrac continued promoting and selling its boxing themed "Left Hook" sports drink.  Moreover, based on information and

belief, RaceTrac expanded its infringement by increasing sales and selling the "Left Hook" sports drink at newly opened stores.

48.     Thereafter, on or around March 5, 2018, Mr. Lacy, though counsel, contacted RaceTrac's President Mr. Billy Milan notifying him of Mr. Lacy's superior rights in the "LEFT HOOK" mark and that RaceTrac's unauthorized use of the mark was, among other things, an unlawful infringement of Mr. Lacy's rights.

49.     RaceTrac did not alter its infringing conduct following the March 5th 2018 communication to Mr. Milan.  RaceTrac has continued promoting and selling its boxing themed "Left Hook" sports drink with full knowledge of Mr. Lacy's superior trademark rights.

**RaceTrac's Actions Have Caused Actual Confusion in the Market Place**

50.     RaceTrac, based on information and belief, intended to copy Mr. Lacy's LEFT HOOK mark, thereby deriving the benefit and goodwill associated with the mark, by intentionally confusing consumers causing them to believe that Mr. Lacy was associated with RaceTrac or RaceTrac's boxing themed "Left Hook" sports drink.

51.     RaceTrac's use of "Left Hook" is likely to cause confusion among the relevant customers in the market seeking the goods and services associated with Mr. Lacy's LEFT HOOK and with Plaintiffs rights in the LEFT HOOK mark.

52.   RaceTrac's "Left Hook" is identical to Mr. Lacy's LEFT HOOK mark.

53.   RaceTrac's "Left Hook" is confusingly similar to Mr. Lacy's LEFT HOOK mark.

54.   As set forth *supra*, RaceTrac's boxing themed sports drink and the consumers and fans of Mr. Lacy's professional boxing services overlap and have expressed actual confusion believing that Mr. Lacy endorsed, was associated with, sponsored, or has otherwise approved of RaceTrac's boxing themed "Left Hook" sports drink.

55.   RaceTrac's unauthorized and unlicensed use of the LEFT HOOK mark has caused actual confusion in the market place.  Mr. Lacy has been contacted by boxing fans that have expressed actual confusion between RaceTrac's boxing themed "Left Hook" sports drink and goods and services associated with Mr. Lacy's LEFT HOOK.  As such, RaceTrac's continuing use of the "Left Hook" mark has harmed, and will continue to harm, Mr. Lacy's reputation and cause actual confusion in the marketplace.

56.   RaceTrac is, therefore, trading off of the good will of Mr. Lacy's longstanding efforts and standing in the marketplace, including his reputation and the good will embodied by the LEFT HOOK mark, and confusing relevant

customers into choosing RaceTrac's boxing themed "Left Hook" sports drink mistakenly believing that it is associated with Mr. Lacy.

57.    RaceTrac's use of LEFT HOOK, or any other name or mark confusingly similar to LEFT HOOK, creates a false impression of association, affiliation, connection, endorsement, or sponsorship of RaceTrac's boxing themed "Left Hook" sports drink by Mr. Lacy.  RaceTrac's use of LEFT HOOK, or any other name or mark confusingly similar to the LEFT HOOK mark is deceptive and fraudulent.

58.    RaceTrac's use of the LEFT HOOK mark violates Mr. Lacy's superior and exclusive rights in the LEFT HOOK mark.

59.    RaceTrac's actions have caused, and continue to cause, irreparable harm to Mr. Lacy.  Mr. Lacy, therefore, engaged counsel to enforce his legal rights against RaceTrac.

60.    RaceTrac is aware of Mr. Lacy's products and services, as well as his trademark rights in LEFT HOOK.

61.    RaceTrac has willfully and unlawfully traded on the commercial value, reputation, and goodwill of Mr. Lacy and his LEFT HOOK mark, and has deliberately and intentionally confused and deceived the public.

62.     Plaintiffs have suffered damages and will suffer irreparable harm as a result of RaceTrac's wrongful conduct.

## COUNT ONE
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)(1)(A)

63.     Plaintiffs hereby incorporate and reallege the assertions in Paragraphs 1 to 62 above as if fully set forth herein.

64.     Plaintiffs own the exclusive common law rights in the LEFT HOOK mark.

65.     RaceTrac has used, and continues to use, "Left Hook" and confusingly similar marks in interstate commerce in connection with the advertisement of its boxing themed sports drink, that is confusingly similar to Plaintiffs' products and services.

66.     As adopted and used by RaceTrac, "Left Hook" is confusingly similar to Plaintiffs' LEFT HOOK.

67.     By adopting and using a confusingly similar name and mark for competing products and services, RaceTrac has affixed, applied, annexed, and/or used false designations of origin and/or false or misleading representations of fact in connection with the sale, offer for sale, distribution, and/or advertisement of its products in interstate commerce.

68.    RaceTrac's use of LEFT HOOK is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association of Plaintiffs with RaceTrac.

69.    RaceTrac's use of LEFT HOOK is likely to cause confusion, mistake, and deception as to the origin, sponsorship, or approval of RaceTrac's products by Plaintiffs.

70.    RaceTrac's use of LEFT HOOK is an intentional attempt to trade off the goodwill of Mr. Lacy and his LEFT HOOK mark.

71.    RaceTrac's conduct constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

72.    RaceTrac's conduct has been and continues to be knowing, willful, and intentional.

73.    RaceTrac's unlawful conduct has caused and will continue to cause irreparable harm to Plaintiffs.  Unless RaceTrac is enjoined from continuing the afore mentioned unlawful acts, Plaintiffs will continue suffering irreparable harm.

74.    As a direct and proximate result of RaceTrac's unlawful conduct, Plaintiffs have suffered damages in an amount to be determined at trial.

75.    Pursuant to Section 34 of the Lanham Act, 15 U.S.C. §1116, Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent damage to

Plaintiffs and to prohibit RaceTrac from further violations of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

76.    Furthermore, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117(a), Plaintiffs are entitled to monetary damages, RaceTrac's profits, costs, and prejudgment interest.

77.    This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. §1117(a), entitling Plaintiffs to recover their attorneys' fees and up to three times its actual damages.

78.    Pursuant to Section 36 of the Lanham Act, 15 U.S.C. §1118, Plaintiffs are entitled to a destruction order requiring that RaceTrac deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing LEFT HOOK or any other names or marks that are confusingly similar.

**COUNT TWO**
**DILUTION UNDER 15 U.S.C. §1125(c)**

79.    Plaintiffs hereby incorporate and reallege the assertions in Paragraphs 1 to 78 above as if fully set forth herein.

26

80.     For more than 20-years Mr. Lacy's products and services have been identified by the mark LEFT HOOK throughout the United States by extensive use, advertisement and publicity.

81.     As a professional boxer Mr. Lacy has fought bouts, and thus used the mark LEFT HOOK in connection with those professional boxing matches, throughout the United States including the states of: California, Connecticut, Florida, Louisiana, Mississippi, Missouri, Nevada, New Jersey, Ohio, Oklahoma, Tennessee, and, Texas.

82.     Mr. Lacy has fought many high-profile title matches that were promoted and featured on Home Box Office (HBO), Showtime, pay-per-view, and network television in which he was identified as LEFT HOOK.

83.     At least as early as December 2003, the LEFT HOOK mark was used by Mr. Lacy in connection with his associated goods and services, and has used it continuously since then.   Accordingly, the LEFT HOOK mark has acquired distinctiveness by becoming associated with Mr. Lacy's associated goods and services.   As such, the LEFT HOOK mark was famous, within the meaning of the Lanham Act, long before RacTrac's first use of the "Left Hook" mark occurred in interstate commerce on or around July 7, 2013.

84.     Plaintiffs' LEFT HOOK mark is identical to RaceTrac's "Left Hook" mark.

85.     Plaintiffs have never authorized or licensed RaceTrac to use the "Left Hook" mark.

86.     There is no association or connection between Plaintiffs and RaceTrac.

87.     RaceTrac's unlawful and unauthorized use of its "Left Hook" mark has impaired the distinctiveness of Plaintiffs' famous LEFT HOOK mark due to, among other things, the identical nature of the marks, consumers strong recognition of the mark's association with Mr. Lacy, and RaceTrac's failure to obtain authorization from Plaintiffs to use the mark.  Moreover, based on information and belief, in light of RaceTrac's pre-existing boxing themed marketing campaign dating back to at least as early as 2011, it intended to create an association with Mr. Lacy by adopting the LEFT HOOK mark.

88.     RaceTrac's unlawful and unauthorized use of its "Left Hook" mark has also harmed the reputation of Plaintiffs' famous LEFT HOOK mark.  RaceTrac's boxing themed "Left Hook" sports drink has received many criticisms from RaceTrac's customers which due to, among other things, the identical nature of the marks, harms the reputation of Plaintiffs' famous LEFT HOOK mark.  Once such negative review of RaceTrac's "Left Hook" sports drink was posted online at

https://www.youtube.com/watch?v=j1r0z5KMAv4 entitled "Day 16 of 31 of Health / Fitness Drink Reviews – Left Hook."   The reviewers gave RaceTrac's "Left Hook" two thumbs down concluding that they would never buy the drink again, they would not drink it if offered to them for free, and following the boxing theme the reviewers commented that they "just punched you right back and gave you a zero."   The reviewers concluded that they would "only recommend [RaceTrac's Left Hook] to an enemy."

89.    RaceTrac's conduct has been and continues to be knowing, willful, and intentional.

90.    RaceTrac's unlawful conduct has caused and will continue to cause irreparable harm to Plaintiffs.  Unless RaceTrac is enjoined from continuing the afore mentioned unlawful acts, Plaintiff will continue suffering irreparable harm.

91.    As a direct and proximate result of RaceTrac's unlawful conduct, Plaintiffs has suffered damages in an amount to be determined at trial.

92.    Pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent damage to Plaintiffs and to prohibit RaceTrac from further violations of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

93.     Furthermore, pursuant to Sections 35 and 43(c)(5) of the Lanham Act, 15 U.S.C. §1117(a) and §1125(c)(5), Plaintiffs are entitled to monetary damages, RaceTrac's profits, costs, and prejudgment interest.

94.     This is an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. §1117(a), entitling Plaintiffs to recover their attorneys' fees and up to three times its actual damages.

95.     Pursuant to Sections 36 and 43(c)(5) of the Lanham Act, 15 U.S.C. §1118 and §1125(c)(5), Plaintiffs are entitled to a destruction order requiring that RaceTrac deliver up and destroy all goods, merchandise, products, labels, signs, prints, packaging, wrappers, containers, advertising materials, letterhead, business cards, and other materials, including all Internet references and metatags, bearing LEFT HOOK or any other names or marks that are confusingly similar.

## COUNT THREE
### VILATION OF GEORGIA'S UNIFORM DECEPTIVE TRADE PRACTICES ACT
#### (O.C.G.A. §10-1-370 *et. seq.*)

96.     Plaintiffs hereby incorporate and reallege the assertions in Paragraphs 1 to 95 above as if fully set forth herein.

97.     RaceTrac's use of "LEFT HOOK" is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of RaceTrac with Plaintiffs.

98.    RaceTrac is attempting to pass off its products as those of Plaintiffs through its adoption and use of Mr. Lacy's trademark and service mark for substantially similar products and services for the same field of customers.

99.    RaceTrac's deceptive trade practices have been intentional and willful.

100.    RaceTrac has caused damage to the Plaintiffs in violation of O.C.G.A. §10-1-372.

101.    Unless RaceTrac is enjoined from continuing the aforementioned infringing and unlawful activities, Plaintiffs will suffer irreparable harm.

102.    Pursuant to O.C.G.A. §10-1-373, Plaintiffs are entitled to preliminary and permanent injunctive relief as well as attorneys' fees and costs of this action.

## COUNT FOUR
## TRADEMARK INFRINGMENT UNDER GEORGIA

103.    Plaintiff hereby incorporates and realleges the assertions in Paragraphs 1 to 102 above as if fully set forth herein.

104.    Defendant RaceTrac's acts complained of herein constitute trademark infringement of Plaintiffs' LEFT HOOK mark in violation of the common law of Georgia.

105.   Plaintiffs are entitled to recover actual and treble damages, their attorneys fees, and the costs of this litigation.  Plaintiffs are further entitled to injunctive relief to stop Defendant RaceTrac's infringement.

## COUNT FIVE
## UNFAIR COMPETITION UNDER GEORGIA LAW

106.   Plaintiffs hereby incorporate and realleges the assertions in Paragraphs 1 to 105 above as if fully set forth herein.

107.   Defendant RaceTrac's acts complained of herein constitute unfair competition under the common law of Georgia with respect to its unauthorized use of Plaintiffs' LEFT HOOK mark in violation of the common law of Georgia.

108.   Plaintiffs are entitled to recover actual and treble damages, its attorneys fees, and the costs of this litigation.  Plaintiff is further entitled to injunctive relief to stop Defendant RaceTrac's infringement.

## COUNT SIX
## CANCLEATION OF U.S TRADEMARK REGISTRATION
## (15 U.S.C. §§ 1052(d), 1064, 1119)

109.   Plaintiffs hereby incorporate and realleges the assertions in Paragraphs 1 to 108 above as if fully set forth herein.

110.   Plaintiffs are likely to be damaged by RaceTrac's '566 Registration. Mr. Lacy has filed the '129 Application seeking registration for the mark LEFT HOOK, for which he is legally entitled to.  The '129 Application is likely to be

32

denied registration due to RaceTrac's '566 Registration under the provisions of 15 U.S.C.1052 (d) because Mr. Lacy's applied-for-mark (LEFT HOOK) is identical, and thus confusingly similar to, RaceTrac's '566 Registration ("Left Hook").  As such, Plaintiffs have standing to seek the cancelation of RaceTrac's '566 Registration.

111.   Plaintiffs are also likely to be damaged by RaceTrac's '566 Registration since it impairs Mr. Lacy's rights in the LEFT HOOK mark and proports to restrict his lawful use of the LEFT HOOK mark.

112.   RaceTrac's '566 Registration was issued by the USPTO on November 5, 2013.  The '566 Registration has been in force for less than five (5) years and thus is subject to cancellation under the provisions of 15 U.S.C. §1065 on all grounds, including likelihood of confusion with Mr. Lacy's LEFT HOOK mark.

113.   RaceTrac's '566 Registration for "Left Hook" is identical to, and confusingly similar to, Mr. Lacy's LEFT HOOK mark.

114.   Mr. Lacy acquired protectible rights in the mark LEFT HOOK at least as early as 2003.

115.   RaceTrac's agent, Attorney Kevin Grierson, declared to the USPTO under the provisions of 18 U.S.C. §1001 prohibiting false statements that RaceTrac's first use of the "Left Hook" mark occurred on July 7, 2013.

116.   Mr. Lacy's use of the LEFT HOOK mark in interstate commerce pre-dates RaceTrac's later use of the "Left Hook" mark.

117.   RaceTrac's use of the "Left Hook" mark is likely to cause confusion when used in connection with the registered services with Mr. Lacy's LEFT HOOK mark and rights.

118.   As alleged infra, actual confusion exists between the RaceTrac's registered goods (*e.g.* RaceTrac's boxing themed "Left Hook" sports drink) and Mr. Lacy's LEFT HOOK mark.

119.   RaceTrac's '566 Registration for "Left Hook" should be canceled from the Principal Register of Trademark Registrations maintained by the USPTO.

## PRAYER FOR RELIEF AND DEMAND FOR A JURY TRIAL

**WHEREFORE**, Plaintiffs demand a trial by jury for all issues so triable pursuant to the Constitution of the United States of America and Rule 38 of the Federal Rules of Civil Procedure and pray for judgment as follows:

1.   That the Court enter judgment that RaceTrac has engaged in making a false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)); has engaged in dilution in violation of Section 43(c) of the Lanham Act (15 U.S.C. §1125(c)); has engaged in common law trademark

infringement; and, has engaged in deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practice Act (O.C.G.A. §10-1-372);

2.     RaceTrac, its agents, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, though, or under authority from or in concert or participation with RaceTrac, be preliminary and permanently enjoined from:

   a. Using the LEFT HOOK mark, or any other copy, reproduction, colorable imitation, or confusingly similar mark on or in connection with its services or products, including its "Left Hook" sports drink;

   b. Using any trademark, service mark, name, logo, design or source designation that includes the mark LEFT HOOK, or any copy, reproduction, colorable imitation, or simulation, or term confusingly similar thereto, on or in connection with RaceTrac's goods, that is likely to cause confusion, mistake, or deception in violation of federal and/or State laws; and,

   c. Passing off or assisting in passing off RaceTrac's goods and services as those of Plaintiffs', or otherwise continuing any and all

acts of unfair competition as alleged in this Complaint, whether in violation of federal or state law.

3.     That Defendant RaceTrac be ordered to deliver up for impounding and for destruction all sports drinks, paper products, bags boxes, labels, tags, signs, packages, receptacles, advertising, promotional material or other materials in the possession, custody or control of RaceTrac that are found to adopt or infringe Plaintiffs' trademarks or that otherwise unfairly compete with Plaintiffs and their products and services;

4.     That Plaintiffs recover their actual damages caused by Defendant RaceTrac's conduct, and that such award be trebled;

5.     That Defendant RaceTrac be compelled to account to Plaintiffs for any and all profits derived by Defendant under 15 U.S.C. §1117, and that based on Defendant's known and intentional use of confusingly similar imitations of Plaintiffs' LEFT HOOK mark, that the damages awarded be trebled and/or the award of Defendant's profits be enhanced;

6.     That Defendant RaceTrac be required to pay to Plaintiffs the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. §1117 and O.C.G.A. §10-1-373(b);

7.     That Plaintiffs be awarded prejudgment and post-judgment interest;

36

8.     That RaceTrac's U.S. Trademark Registration No. 4,429,566 for the mark "Left Hook" for energy drinks in IC 032 by cancelled from the Principal Register; and,

9.     That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

Dated: March 30, 2018.                    Respectfully submitted,


                                          ____/s/ Luke Anderson_____
                                          Luke Anderson
                                           GA Bar No. 018330
                                          **Atlanta Technology Law**
                                          (Luke Anderson P.C.)
                                          1230 Peachtree Street
                                          Suite 1900
                                          Atlanta, Georgia 30309
                                          Telephone: 404-991-2241
                                          Facsimile:  404-935-0927
                                          E-Mail:  Landerson@atltechlaw.com

                                          *Attorney for Plaintiffs*
                                          *Jeff S. Lacy and Clay Dustin*


---

**Local Rule 7.1(D) Certification**

The above signed counsel hereby certifies that the within and foregoing paper complies with Local Rule 7.1(D) since it was prepared in Times New Roman, 14 point font.

---

37